## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE BURCH, | |
| Plaintiff, | |
| v. | Case No. 3:20-CV-00028-NJR |
| HALED SALEH, CHIEF JEFF GRUBBS, LIEUTENANT MATT DUNNING, MARCIA TOLIVER, OFFICER BRANDON KITTLE, and LIEUTENANT DAVE KEMP, | |
| Defendants. | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Leave to Proceed *in forma pauperis* filed by Plaintiff Eddie Burch (Doc. 3). On January 8, 2020, Burch filed a civil rights complaint under 34 U.S.C § 10228, 42 U.S.C. § 1983, and 42 U.S.C. § 2000d *et seq.*, alleging Defendants violated his constitutional rights (Doc. 2). He also sought to proceed without prepayment of the required filing fees (Doc. 3) and with counsel appointed by the Court (Doc. 4).

The original Complaint (Doc. 2) alleged that Defendants, members of the Carbondale Police Department, violated his constitutional rights by using excessive force while he was handcuffed at a Dollar General in Carbondale, Illinois, on October 8, 2019 (Doc. 2). Burch claimed that police hit him in the face and pepper sprayed his eyes while he was in the police car (*Id.*). Burch further claimed his rights under the Health Insurance

Portability and Accountability Act ("HIPAA") were violated when his health status was released, though it was not exactly clear who released his status or who it was released to (*Id.*). Burch claims he attempted to file a complaint with the Carbondale Police on January 7, 2020, but was "denied and ignored" when he asked for a complaint sheet (*Id.*). Burch sought $5,000,000 for violation of his rights (*Id.*).

On January 29, 2020, this Court dismissed the complaint without prejudice and reserved ruling on Burch's Motion for Leave to Proceed *in forma pauperis* and Motion for Recruitment of Counsel (Doc. 7). The Court reasoned that the complaint was a collection of vague assertions and did not specify which defendant was responsible for each alleged act (*Id.*). Furthermore, Burch did not allege any specific facts regarding his claim that his HIPAA rights were violated (*Id.*). Instead, the complaint was merely a few words put on paper, to which no defendant could reasonably respond (*Id.*). The Court gave Burch leave to file an amended complaint, which he did on February 20, 2020 (Doc. 9).

Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he or she possesses and that demonstrates the party is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Complete destitution is not required to proceed *in forma pauperis*; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court has reviewed Burch's affidavit (Doc. 3) and finds that he is indigent. Burch attests that he brings home around $783 per month but that he owes $695 per

month for rent, $270 per month for utilities, and has two dependent minor children. He also claims no assets and asserts that he has outstanding hospital bills. Based on these facts, the Court finds Burch's financial position justifies granting him IFP status.

But that does not end the inquiry. Under Section 1915(e)(2), the Court must then screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolving the motion to proceed IFP requires a review of the allegations of the complaint.

In reviewing Burch's amended complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013).

In his Amended Complaint, Burch alleges that he and Samantha Kulikowski, his driver and caregiver, were at a Dollar General in Carbondale, Illinois, on October 8, 2019, around 12:15 p.m., when an unknown woman blocked them from leaving their parking spot. When Kulikowski asked the woman why she was blocking them, the woman said it was because they were parked in a handicap spot and that police were on the way (*Id.*).

Defendant Saleh, a Carbondale Police Officer, arrived on the scene and began yelling at Burch and Kulikowski with expletives (*Id.*). Despite telling Officer Saleh that he was legally blind, Saleh stated that Burch was under arrest. Officer Saleh then grabbed Burch by the arm and slammed him against the car, throwing down Burch's cell phone because he was recording the incident (*Id.*). Saleh then knocked Burch's glasses off, slammed his foot in the door of the police car, repeatedly punched Burch in the face while he was handcuffed in the back of the police car, and pepper sprayed Burch's eyes (*Id.*).

The officers took Burch to Carbondale Memorial Hospital, where he was treated for high eye pressure and given a breathing treatment (*Id.*). Burch claims that Defendant Officer Kittle listened to the doctor go over his medication and health history, including his status as HIV positive, then relayed that private information back to Officer Saleh (*Id.*). Burch's HIV-positive status was then disclosed in his intake report at the Carbondale Police Department (*Id.*).

On October 9, 2019, Burch was examined at Marion Eye Center in Carbondale, Illinois (*Id.*). Burch asserts he must undergo surgery to remove inflammation and fluid that is covering his lens implant as a result of the damage to his eyes (*Id.*). That same day, Burch filed a complaint against Officer Saleh at the Carbondale Police Department, and pictures were taken of Burch's injuries and phone damage (*Id.*). The complaint was notarized by Defendant Marcia Toliver.

On October 14, 2019, Burch filed another complaint against Officer Saleh at the Manager's Office in Carbondale (*Id.*). This complaint was notarized by Faith Johnson, who is not a defendant here.

On October 18, 2019, Defendant Sergeant Matt Dunning notified Officer Saleh via letter about the complaints filed against him. Sergeant Dunning was the Investigative Officer in charge of the complaint (*Id.*). Burch alleges that Sergeant Dunning allowed Officer Saleh to change his account of the incident and, therefore, defend himself against the allegations (*Id.*).

The next day, Defendant Lieutenant Kemp interviewed Officer Saleh at the Carbondale Police Department. Burch claims that Officer Saleh's account in the interview did not match his incident report or the footage from the Dollar General parking lot (*Id.*). On October 27, 2019, Lieutenant Kemp interviewed Burch, but allegedly reported false information in his report that did not match what Burch told Kemp (*Id.*).

On January 6, 2020, Burch and Kulikowski received documents from the Carbondale Police Department via a Freedom of Information Act request. The documents came from Defendant Toliver. After reviewing the documents, Burch realized his personal health information was illegally obtained and disclosed (*Id.*). Toliver told Burch he was "making a big deal about the health information being disclosed." Toliver also had blacked out the names of the Carbondale Police and Southern Illinois University Police Officers, as well as that of the woman who had called 911 (*Id.*). Defendants Chief Jeff Grubbs and Lieutenant Kemp also refused to take Burch's complaint about his health information being disclosed (*Id.*). They also refused to tell him the conclusion of the investigation against Officer Saleh (*Id.*).

On January 7, 2020, Burch went to the Carbondale Police Department to file a complaint against Defendants, but was denied a complaint form and was asked to leave

(*Id.*). Burch then went to the Manager's Office and filed a complaint there (*Id.*). The complaint was later received by Defendant Kemp (*Id.*). No action was ever taken against Defendant Saleh or Kittle, even after Defendant Kemp reported in his investigation that the officers did illegally obtain Burch's health information (*Id.*).

Burch alleges Defendants, all acting under color of law, violated his First, Fourth, Fifth, and Fourteenth Amendment rights.

### A.    Wrongful Disclosure of Health Information

"The Supreme Court has recognized a constitutional right to information privacy under the Fourteenth Amendment." *Franklin v. McCaughtry*, 110 F. App'x 715, 718–19 (7th Cir. 2004) (citing *Whalen v. Roe*, 429 U.S. 589, 599–600 (1977)). This right to privacy includes the protection of medical information concerning an individual's HIV-status from unjustified disclosures by governmental actors. *Tabbert v. Kollmann*, No. 19-C-1513, 2020 WL 886184, at *1 (E.D. Wis. Feb. 24, 2020); *see also Doe v. Delie*, 257 F.3d 309, 317 (3d Cir. 2001) ("It is beyond question that information about one's HIV-positive status is information of the most personal kind and that an individual has an interest in protecting against the dissemination of such information.").

Burch alleges Defendant Kittle overheard health professionals at Carbondale Memorial Hospital discuss his HIV-positive status, then told Defendant Saleh. The officers then included the information in his intake report at the police department, which presumably is a public document. Defendant Toliver then refused to black out the portion of his report that included his health status, while blacking out the police officers' names.

Based on these allegations, the Court finds Burch may proceed on his Fourteenth

Amendment claim for the unauthorized disclosure of his health status against Defendants Saleh, Kittle, and Toliver.

### B.     Excessive Force

"Claims of excessive force during arrest are analyzed under Fourth (not Eighth) Amendment jurisprudence." *Swift v. Rinella*, No. 07-CV-0748-MJR-PMF, 2008 WL 4792700, at *2 (S.D. Ill. Oct. 31, 2008); *Graham v. Connor*, 490 U.S. 386, 394 (1989). The Fourth Amendment requires proof that the defendants' conduct was "objectively unreasonable under the circumstances." *Lopez v. City of Chicago*, 464 F.3d 711, 718 (7th Cir.2006). The circumstances to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Filipek v. Krass*, 576 F. Supp. 2d 918, 922 (N.D. Ill. 2008) (quoting *Morfin v. City of East Chicago*, 349 F.3d 989, 1004–05 (7th Cir. 2003) (internal quotations and citations omitted)).

Here, Burch alleges Officer Saleh grabbed his arm, slammed him against the car, knocked his glasses off, slammed his foot in the door of the police car, repeatedly punched him in the face while he was handcuffed in the back of the police car, and pepper sprayed Burch's eyes, all for parking in a handicapped parking spot. Accepting Burch's allegations as true, the Court finds that Burch may proceed on his claim for excessive force in violation of the Fourth Amendment against Defendant Saleh.

### C.     Denial of Right to File a Complaint

Burch alleges he was denied his First Amendment right to petition the Government of any grievances when Defendants Grubbs and Kemp would not tell Burch

the conclusion of the investigation of Officer Saleh. This allegation, however, fails to rise to the level of a constitutional violation. Burch could have—and ultimately did—file a Freedom of Information Act request to obtain the results of the investigation.

Burch also claims he was not allowed to file a complaint at the Carbondale Police Department against all Defendants on January 7, 2020. Burch also alleges, however, that "[a]fter being denied the right to file my complaint at Carbondale Police Department I filed the complaint at the Mangers [sic] Office at 200 S Illinois Ave. Carbondale, IL 62901." The complaint was then sent to the Carbondale Police Department and received by Defendant Kemp. Based on these allegations, and Burch's allegations that he filed two previous complaints at the Carbondale Police Department that were investigated, the Court finds that Burch has failed to state a claim for a violation of his First Amendment rights.

### D.      Equal Protection

Burch further alleges that all Defendants violated his right to equal protection under the law. The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. An equal protection violation can occur when a regulation draws distinctions among people based on a person's membership in a "suspect" class (such as race or national origin) or when the challenge is based on the denial of a fundamental right such as one's freedom of speech or religion. *Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009). In the absence of deprivation of a fundamental right or the existence of a suspect class, a plaintiff must prove that (1) the state actor

intentionally treated plaintiff differently from others similarly situated; (2) this difference in treatment was caused by the plaintiff's membership in the class to which [he or she] belongs; and (3) this different treatment was not rationally related to a legitimate state interest. *Id.*

Here, Burch has not alleged that he is a member of a suspect class or the denial of any fundamental right. Nor has he alleged that he was intentionally treated differently from any similarly situated person. Indeed, Burch's allegations regarding a violation of his Equal Protection rights are simply too vague to proceed at this point. Accordingly, his Equal Protection claim will be dismissed without prejudice.

<h2 style="text-align:center">CONCLUSION</h2>

The Court finds that Burch's complaint is not clearly frivolous or malicious, and he has not clearly failed to state a claim. Accordingly, having met the requirements of 28 U.S.C. § 1915(a)(1) and 28 U.S.C. § 1915(e)(2), the Court **GRANTS** Burch's Motion to Proceed *in forma pauperis* (Doc. 3). Burch shall proceed on the following claims:

**Count 1:**  Fourteenth Amendment claim for the unauthorized disclosure of his health status against Defendants Saleh, Kittle, and Toliver.

**Count 2:**  Fourth Amendment claim for excessive force against Defendant Saleh.

Defendants Grubbs, Dunning, and Kemp, as well as Burch's First Amendment and Fourteenth Amendment Equal Protection claims, are **DISMISSED without prejudice**.

Burch's Motion for Recruitment of Counsel (Doc. 4) is also **GRANTED**. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). However,

the Court is authorized to recruit an attorney to represent an indigent civil litigant *pro bono*. 28 U.S.C. § 1915(e)(1). In assessing a motion to appoint counsel, the court must first inquire whether the movant has met the threshold burden of showing they have made a reasonable attempt to obtain counsel or been effectively precluded from doing so. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). Once this threshold burden has been met, the court must examine whether, given the difficulty of the case, the plaintiff appears competent to litigate the case himself. *Id.* at 655. "[T]he question is whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* The plaintiff must be able to complete tasks that normally attend litigation, such as evidence gathering, preparing and responding to motions and other court filings, and trial. *Id.* The court should consider the plaintiff's literacy, communication skills, educational level, and litigation experience, as well as, the plaintiff's intellectual capacity and psychological history. *Id.*

In his motion to appoint counsel, Burch states that he has attempted to contact several civil rights attorneys in Carbondale, Benton, East St. Louis, and St. Louis (Doc. 4). He was unsuccessful, however, because "no one wants to go against the police." (*Id.*). Burch further states that while he has completed some college, he is legally blind and takes several medications for his eyes (*Id.*).

The Court concludes that Burch has made a reasonable attempt to obtain counsel and that he is not competent to litigate this matter himself. Burch has asserted complex constitutional issues, and while he has some education, his vision impairment certainly presents challenges not faced by other *pro se* litigants. Given these limitations, the Court

finds appointment of counsel warranted in this case. A separate order identifying the specific attorney who has been recruited to represent Burch will follow.

In light of the appointment of counsel, Burch's motion for joinder (Doc. 8), in which he seeks to join the Carbondale Police Department as a defendant, and his motion for issuance of subpoenas (Doc. 14) are **DENIED without prejudice**. Once counsel is appointed, he or she may seek leave to file an amended complaint that adds any viable claim against the Carbondale Police Department.

Burch's motions for service of process at the Government's expense (Docs. 5, 12) are also **DENIED**. Once counsel has entered an appearance, he or she will be responsible for serving Defendants.

**IT IS SO ORDERED.**

**DATED:**   May 8, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**